UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| KINTAD PHILLIPS (# 294348) | CIVIL ACTION |
|---|---|
| VERSUS | |
| DAVID BRUNER, CADET, ET AL. | NO.: 16-00624-BAJ-EWD |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 14)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Defendants' Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docs. 11 & 12). The Magistrate Judge recommended that Plaintiff's claims against Defendant Bruner be dismissed without prejudice for failure to timely serve process on him. (Doc. 14 at p. 2 n.1). The Magistrate Judge further recommended dismissing all 42 U.S.C § 1983 official capacity claims for monetary damages under Rule 12(b)(1). (Doc. 14 at p. 3). Finally, the Magistrate Judge recommended that all remaining § 1983 claims against Defendants Vittorio, Benjamin, Jones, and Smith be dismissed with prejudice under Rule 12(b)(6). (Doc. 14 at p. 11).

The Report and Recommendation notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact,

1

conclusions of law, and recommendations therein. (Doc. 14 at p. 1). Plaintiff timely filed a traverse (Doc. 15) to which Defendants responded (Doc. 16).

Plaintiff's primary objection is that he did not receive notice that the Motions to Dismiss had been filed against him prior to the issuance of the Report and Recommendation. (Doc. 15 at p. 1). Plaintiff further asserts that his failure to serve Defendant Bruner was excusable because Defendant Bruner is no longer employed by the Louisiana Department of Public Safety and Corrections ("LDPSC"), and Plaintiff did everything within his power to serve Defendant Bruner. (Doc. 15 at pp. 1–2).[1] Finally, Plaintiff insists that on the merits, his claims should not be dismissed under Rule 12(b)(6). (Doc. 15 at pp. 2–3).[2]

Defendants respond that Plaintiff received notice of the Motions to Dismiss. (Doc. 16 at p. 1). In support, Defendants attached a cover letter explaining that the two motions had been filed against him and stating that the motions are enclosed (Doc. 16-1). Defendants also attached a privileged mail log (Doc. 16-2), which Plaintiff signed, indicating receipt of the letter on February 27, 2017. Considering these exhibits, the court finds that Plaintiff did receive timely notice of the Motions to Dismiss.

---

[1] As the Report and Recommendation noted, the Process Receipt and Return filed into the record indicated that Louisiana State Penitentiary did not accept service for Defendant Bruner as he was no longer employed with the LDPSC. (Doc. 8). To date, Plaintiff has not filed a request to have the Department of Corrections file Defendant Bruner's last known address into the record under seal, or demonstrate any further attempts to have Defendant Bruner served. Accordingly, the United States Marshals Service has not made any additional attempts to serve Defendant Bruner.

[2] Plaintiff's objections to Rule 12(b)(6) dismissal merely restate factual allegations in the Complaint (*compare* Doc. 1; *with* Doc. 15), but Plaintiff fails to articulate how the Magistrate Judge's legal conclusion based on those allegations are in error.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation, (Doc. 14)**, is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 11)** is **GRANTED**, dismissing all claims brought by Plaintiff against Defendants Vittorio and Benjamin.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 12)** is **GRANTED**, dismissing all claims against Defendants Jones and Smith.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendants in their official capacity for monetary damages are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendants Vittorio, Benjamin, Jones, and Smith are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Bruner are **DISMISSED WITHOUT PREJUDICE**, due to Plaintiff's failure to timely effect service upon him.

Baton Rouge, Louisiana, this 25th day of August, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**